# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# NORTHERN DIVISION

| | |
|---|---|
| JERMAINE CORTEZ PATE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) No. 2:22-CV-80-PLC |
| v. | ) |
| | ) |
| ANNE L. PRECYTHE, et al., | ) |
| | ) |
| Defendants. | ) |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on the motion of plaintiff Jermaine Cortez Pate, an inmate at the Moberly Correctional Center, for leave to commence this civil action without prepaying fees or costs. Having reviewed the motion and the financial information submitted in support, the Court has determined to grant the motion, and assess an initial partial filing fee of $1.00. Additionally, for the reasons discussed below, the Court has determined the complaint is frivolous and/or fails to state a claim upon which relief may be granted, and will dismiss this action at this time, without prejudice.

## 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action *in forma pauperis* is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to his account. 28

U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the account exceeds $10.00, until the filing fee is fully paid. *Id.*

Plaintiff has not provided the Court with a certified copy of his inmate account statement, but the Court will not require him to file one at this time. The Court assesses an initial partial filing fee of $1.00, an amount that is reasonable based upon the information before the Court. *See Henderson v. Norris*, 129 F.3d 481, 484 (8th Cir. 1997) (when a prisoner is unable to provide the Court with a certified copy of his prison account statement, the Court should assess an amount "that is reasonable, based on whatever information the court has about the prisoner's finances.").

## Legal Standard

This Court is required to review a complaint filed *in forma pauperis*, and must dismiss it if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

A claim is facially plausible when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly,* 550 U.S at 556). Although a plaintiff need not allege facts in painstaking detail, the facts alleged "must be enough to raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 555. This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal,* 556 U.S. at

678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id.* at 679. The court must assume the veracity of well-pleaded facts, but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly,* 550 U.S. at 555).

This Court liberally construes complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). "Liberal construction" means that "if the essence of an allegation is discernible," the court "construe[s] the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even *pro se* complaints must allege facts that, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). The Court need not assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, nor must it interpret procedural rules to excuse mistakes by those who proceed without counsel, *see McNeil v. United States,* 508 U.S. 106, 113 (1993).

## The Complaint

Plaintiff filed the complaint pursuant to 42 U.S.C. § 1983. He named the Missouri Department of Corrections ("MDOC") as a defendant, and in the caption of the complaint, he indicates an intent to also sue divisions of the MDOC identified as "Inmate Trust Fund Department" and "Offender Finance Office." (ECF No. 1 at 1). Plaintiff also named "Anne L. Precythe Corporate Surety Bond" as a defendant. *Id.* at 2. Plaintiff identifies Precythe as the Director of the MDOC, and sues her in her official and individual capacity.

In setting forth his statement of claim, Plaintiff alleges as follows:

> The defendant(s) are in breach of fiduciary duty due to the mismanaged trust account, by failing to deposit into the inmate trust account(s) interest accrued

3

>resulting in concealment of protected property "interest," as well as an unlawful conversion pursuant to the "Interest follows principal" rule, where Plaintiff has a protected property interest in earned interest income.

*Id.* at 3. Plaintiff states he "relies upon the Takings Clause of the Fifth Amendment for relief of the following constitutional and state tort claims," and lists forms of wrongdoing including negligence, conversion, "breach of fidelity," and "breach of trust." *Id.* at 4. He states that "prison officials have acted deliberately indifferent towards Plaintiff," and that "Defendant(s) have elected to subject Plaintiff to cruel and unusual punishment in violation of the Eighth Amendment as well as the Takings Clause of the Fifth Amendment." *Id.*

Plaintiff attached to the complaint a copy of a grievance appeal he filed in prison concerning "unlawful conversion of the interest earned on the funds contained on the Inmate Trust Fund Account." (ECF No. 1-4 at 2). In describing his claim, Plaintiff wrote: "The Takings Clause of the Fifth Amendment requires that I receive interest earned on my personal property such as funds held in a trust account." *Id.* Plaintiff also provided a copy of the grievance appeal response, dated October 25, 2022. *Id.* at 1. The response indicates it addresses Plaintiff's "allegation of not receiving interest on [] funds in [his] personal account," and notes that Informal Resolution Requests ("IRRs") must be filed within 15 calendar dates of the alleged incident. *Id.* The response concludes that "no further response is warranted" because Plaintiff's inmate account was active since October of 2013, but he did not file an IRR until July of 2022. *Id.*

In the complaint, Plaintiff identifies his injuries as "Emotional/Mental Distress; Post-Traumatic Slave Syndrome; Post-Traumatic Stress Disorder; Captivity Syndrome; and, Intentional or Negligent infliction of Emotional distress." (ECF No. 1 at 4). As relief, Plaintiff seeks: "Restitution for interest accrued; $10,000 for exemplary damages; $10,000 for punitive

damages; and, $25,000 for actual damages linked to the injuries listed." *Id.* at 5.  Plaintiff seeks no other relief.

## Discussion

Section 1983 was designed to provide a "broad remedy for violations of federally protected civil rights." *Monell v. Department of Social Services*, 436 U.S. 658, 685 (1978). Section 1983 provides no substantive rights; it merely provides a remedy for violations of all "rights, privileges, or immunities secured by the Constitution and laws [of the United States]." 42 U.S.C. § 1983; *see also Albright v. Oliver*, 510 U.S. 266, 271 (1994) (42 U.S.C. § 1983 "merely provides a method for vindicating federal rights elsewhere conferred").  To state a claim under 42 U.S.C. § 1983, a plaintiff must establish: (1) the violation of a right secured by the Constitution or laws of the United States, and (2) that the alleged deprivation of that right was committed by a person acting under color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988).

Plaintiff has named the MDOC as a defendant in this action, and has indicated that he may intend to also sue MDOC divisions.  The MDOC is a Missouri state agency, *Walker v. Missouri Dept. of Corrections*, 213 F.3d 1035, 1036 (8th Cir. 2000), and Plaintiff's claims against it and its divisions are treated the same as claims against the State of Missouri itself. Plaintiff's claims fail because the State of Missouri is not a "person" subject to suit under § 1983. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). *See Calzone v. Hawley*, 866 F.3d 866, 872 (8th Cir. 2017) (a "State is not a person under § 1983").  Plaintiff's claims are also barred by the Eleventh Amendment, which confers sovereign immunity on an un-consenting State from lawsuits brought in federal court by the State's own citizens or citizens of another State.  *Edelman v. Jordan*, 415 U.S. 651, 662-63 (1974).

There are two exceptions to the sovereign immunity provided by the Eleventh Amendment: where Congress has statutorily abrogated such immunity, and where a State has waived its immunity to suit in federal court. *Barnes v. State of Missouri*, 960 F.2d 63, 64-65 (8th Cir. 1992). Neither exception applies here. The first exception is inapplicable because the Supreme Court has determined that Congress did not abrogate a state's Eleventh Amendment immunity when it enacted 42 U.S.C. § 1983. S*ee Will*, 491 U.S. at 66. The second exception is inapplicable because Missouri has not waived its sovereign immunity in this type of case. *See* Mo. Rev. Stat. 537.600 (explaining that sovereign immunity is in effect, and providing exceptions). Accordingly, Plaintiff's claims against the MDOC are subject to dismissal, and to the extent Plaintiff seeks to sue MDOC divisions, such claims are also subject to dismissal.

The Court turns to Plaintiff's official capacity claims against Precythe. A suit against a state official in her official capacity is a suit against her office, and "[a]s such, it is no different from a suit against the State itself." *Will,* 491 U.S. at 71 (citing *Kentucky v. Graham,* 473 U.S. 159, 165–166 (1985) and *Monell,* 463 U.S. at 690, n. 55). The Eleventh Amendment prohibits suits for damages against States, State agencies, and State officials acting in their official capacities. *Nix v. Norman*, 879 F.2d 429, 432-33 (8th Cir. 1984). Additionally, "[s]tate officers sued for damages in their official capacity are not 'persons' for purposes of the suit because they assume the identity of the government that employs them." *Will*, 491 U.S. at 71.

A state official may be sued in her official capacity "if the plaintiff merely seeks injunctive or prospective relief for a legally cognizable claim." *Nix*, 879 F.2d at 432–33 (citing *Will,* 491 U.S. at 71) (state officials sued in their official capacities for injunctive relief are "persons" under § 1983 because official capacity actions for prospective relief are not treated as actions against the State). In this case, however, Plaintiff makes no attempt to seek injunctive or

6

prospective relief. Instead, he states he seeks actual, exemplary, and punitive damages totaling $45,000, and he states he seeks an unspecified amount of money as "restitution for interest accrued." *See* (ECF No. 1 at 5). As set forth above, Plaintiff cannot sue Precythe in her official capacity for damages. He cannot sue her in her official capacity for "restitution for interest accrued" either, as such an award would be indistinguishable from a retroactive, monetary award payable from the State treasury to compensate Plaintiff for the past withholding of interest income. *See Edelman,* 415 U.S. 651 (the Eleventh Amendment barred an award of "equitable restitution" to compensate welfare recipients for benefits lost due to slow application processing because it was indistinguishable from a retroactive, monetary award payable from the State treasury); *Nevels v. Hanlon,* 656 F.2d 372, 377-78 (8th Cir. 1981) (the Eleventh Amendment barred an award of "equitable restitution" to an employee for benefits lost due to an infirmity in an employment termination because "[a]lthough the district court labeled the award 'equitable restitution,' it is clearly a monetary award for past violations of [the plaintiff's] rights, payable out of the state treasury . . ."). For these reasons, the Court concludes that Plaintiff's official capacity claims against Precythe are barred, either by the Eleventh Amendment or because in such capacity she is not a "person" that can be sued under § 1983.

The Court now addresses Plaintiff's individual capacity claims against Precythe. In the complaint, Plaintiff specifies that he proceeds pursuant to the Takings Clause of the Fifth Amendment, under which "private property [shall not] be taken for public use, without just compensation." U.S. CONST. AMEND. V.[1] The Takings Clause "does not prohibit the taking of private property, but instead places a condition on the exercise of that power." *Lingle v. Chevron U.S.A. Inc.*, 544 U.S. 528, 536 (2005) (citation omitted). It seeks not to limit governmental

---

[1] The Fifth Amendment applies to the States through the Fourteenth Amendment. *See Lingle v. Chevron U.S.A. Inc.*, 544 U.S. 528, 536 (2005) (citation omitted).

7

interference *per se*, but to secure compensation in the event of an otherwise proper interference that amounts to a taking. *Id.* at 537.

In this case, Plaintiff alleges that "[t]he defendant(s)" breached a fiduciary duty and mismanaged Plaintiff's trust account by "failing to deposit" accrued interest. However, he fails to allege the most basic of facts, such as how his personal property was used or whether he was denied (or even sought) compensation. Additionally, it is not sufficiently clear what State action Plaintiff believes constituted a "taking," nor is it clear when any alleged "taking" occurred or how much money was involved. Instead, Plaintiff vaguely alleges that interest was not deposited into his account during an unspecified period, and states in conclusory fashion that his Fifth Amendment rights were therefore violated. In a similarly conclusory fashion, Plaintiff states that "[d]efendant(s) have elected to subject Plaintiff to cruel and unusual punishment in violation of the Eighth Amendment as well as the Takings Clause of the Fifth Amendment." (ECF No. 1 at 4). Plaintiff's assertions are the types of legal conclusions that the Supreme Court has found deficient, *Iqbal,* 556 U.S. at 678, and that this Court will not presume true. *See Torti v. Hoag*, 868 F.3d 666, 671 (8th Cir. 2017) ("Courts are not bound to accept as true a legal conclusion couched as a factual allegation, and factual allegations must be enough to raise a right to relief above the speculative level").

Additionally, Plaintiff makes no attempt to establish Precythe's personal involvement in any alleged constitutional violation, as necessary to state a valid § 1983 claim against her. *See Jackson v. Nixon*, 747 F.3d 537, 543 (8th Cir. 2014) (citing *Iqbal*, 556 U.S. at 676) ("To state a claim under § 1983, the plaintiff must plead that a government official has personally violated the plaintiff's constitutional rights."). Indeed, showing direct action is not the only way to establish the personal involvement of the Director of the MDOC. *See id.* at 543-44. Here,

however, Plaintiff makes no attempt to show that Precythe wrongfully failed to take any action or tacitly authorized violative practices, was involved in creating, authorizing, changing, implementing, or interpreting a policy or rule that gave rise to unconstitutional conditions, failed to properly supervise or train an offending subordinate, or engaged in any other act or omission that could be construed as establishing her personal involvement in the alleged violations. *See id.*

Instead, Plaintiff refers to Precythe as a "Corporate Surety Bond" and identifies her as the Director of the MDOC, states his rights were violated by "[t]he defendant(s)" and "[p]rison officials," and seeks damages against her. (ECF No. 1 at 3, 4). It is apparent that Plaintiff seeks to hold Precythe liable based upon the allegedly unconstitutional conduct of her subordinates. These claims sound in respondeat superior, which is not cognizable under § 1983. *See Jackson,* 747 F.3d at 543, *Rogers v. King*, 885 F.3d 1118, 1122–23 (8th Cir. 2018) (citing *Monell*, 436 U.S. at 691 and *Iqbal,* 556 U.S. at 676) (". . . neither municipalities nor government officials may be held liable for unconstitutional conduct under a theory of respondeat superior.").

Having thoroughly reviewed and liberally construed the complaint, the Court concludes that it is subject to dismissal because it is frivolous and/or fails to state a claim upon which relief may be granted. The Court can envision no amendment to the complaint that would cause it to state a plausible claim for relief, as Plaintiff cannot sue the MDOC or seek damages from Precythe in her official capacity, nor can he proceed on a theory of respondeat superior. The Court will therefore dismiss this action at this time, without prejudice, and will decline to exercise supplemental jurisdiction over any state law claims Plaintiff may be understood to bring. See 28 U.S.C. § 1367(c)(3); *United Mine Workers v. Gibbs*, 383 U.S 715, 726 (1966) (if federal claims are dismissed before trial, remaining state claims should also be dismissed); *Crest Construction II, Inc. v. Doe*, 660 F.3d 346, 359 (8th Cir. 2011) (where all federal claims have

been dismissed, district court's decision to decline supplemental jurisdiction over state claims is "purely discretionary").

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion seeking leave to commence this action without prepaying fees or costs (ECF No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that, within thirty (30) days of the date of this order, plaintiff must pay an initial filing fee of $1.00.  Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) this case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that this case is **DISMISSED** without prejudice.  A separate order of dismissal will be entered herewith.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

Dated this  10th  day of  February, 2023.

                                HENRY EDWARD AUTREY
                              UNITED STATES DISTRICT JUDGE